## UNITED STATES DISTRICT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| JOEIE PINEDA,<br><br>      Plaintiff,<br>v.<br><br>AMERICAN EXPRESS,<br>EQUIFAX, INC. and EXPERIAN<br>INFORMATION SOLUTIONS, INC.,<br><br>      Defendants. | |

## **COMPLAINT**

NOW COMES Plaintiff, JOEIE PINEDA ("Plaintiff"), by and through her attorneys, hereby alleging the following against Defendants, AMERICAN EXPRESS ("AMEX"), EQUIFAX, INC. ("EQUIFAX") and EXPERIAN INFORMATION SOLUTIONS, INC. ("EXPERIAN"), and (collectively referred to as "Defendants"):

### Nature of the Action

1.    This action arises pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

### Parties

2.    Plaintiff is a natural person at all times relevant residing in Clay County, in the City of Orange Park, in the State of Florida.

3.    At all times relevant, Plaintiff was a "consumer" as that term is defined

by 15 U.S.C. § 1681(a)(c).

4. Defendant, AMEX, is a nationally chartered bank doing business in the State of Florida, with its principal place of business located in New York City, New York.

5. Defendant, AMEX, is a "person" as defined by 47 U.S.C. §153 (39).

6. Defendant, EQUIFAX is a corporation conducting business in the State of Florida and is headquartered in Atlanta, Georgia.

7. Defendant, EQUIFAX, is a "person" as that term is defined by a consumer reporting agency as that term is defined by 15 U.S.C. § 1681a(b).

8. Defendant, EQUIFAX, is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties, as defined in 15 U.S.C. §1681(d).

9. Defendant, EQUIFAX, is a "consumer reporting agency" ("CRA") as that term is described in 15 U.S.C. § 1681a(f).

10. Defendant, EXPERIAN, is a corporation conducting business in the State of Florida and is headquartered in Costa Mesa, California.

11. Defendant, EXPERIAN, is a "person" as that term is defined by a consumer reporting agency as that term is defined 15 U.S.C. § 1681a(b).

12. Defendant, EXPERIAN, is regularly engaged in the business of

assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties, as defined in 15 U.S.C. §1681(d).

13. Defendant, EXPERIAN, is a "consumer reporting agency" ("CRA") as that term is described in 15 U.S.C. § 1681a(f).

14. At all times relevant to this Complaint, Defendants acted through their respective agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## Jurisdiction and Venue

15. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

16. Venue is proper pursuant to 28 U.S.C § 1391(b) as the conduct giving rise to this action occurred in this District because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

17. This Court has supplemental jurisdiction over the state claims as all claims arise from the same nucleus of facts.

## Factual Allegations

18. Plaintiff is a consumer who is the victim of inaccurate reporting by AMEX, EQUIFAX and EXPERIAN regarding a credit account she had with AMEX, settled with AMEX, and paid to AMEX.

19. CRAs, including EQUIFAX and EXPERIAN have a duty under the FCRA to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

20. Further, both CRAs and Furnishers have a duty to conduct a reasonable investigation when notified of disputed information found in a consumer credit report.

21. Here, Plaintiff is a victim of inaccurate reporting regarding an account she had with AMEX, an inaccuracy found in credit reports published by the CRA Defendants.

22. The following is a description of the inaccuracy and failures of all Defendants to investigate and update their reporting of the account in question.

23. On or about December 24, 2021, Plaintiff and AMEX settled an account ending in 42001 (the "Account") for $4,652.00.

24. Per the terms of the agreement, Plaintiff made a single payment on January 6, 2022 for four thousand six hundred fifty two dollars ($4,652.00) and thereby satisfied the terms of the agreement.

25. On March 21, 2023, Plaintiff received a copy of her credit report from EQUIFAX and EXPERIAN.

26. To her surprise, despite Plaintiff's performance under the terms of the agreement, Defendant AMEX reported inaccurate information regarding the Account to the two CRAs, including both an inaccurate status of the Account as "Collection/Charge-off" and a balance of $4,651.00 shown as still owing to AMEX.

27. Specifically, the CRA Defendants reported the Account with a status of "Collection/Charge Off", a balance owed of $4,651.00 and failed to report the payment that was made to satisfy the Account.

28. The CRA Defendants' failure to report the Account correctly and failure to report the accurate status, accurate balance and failure to report the payments Plaintiff made on the Account harmed Plaintiff's credit score and would, at the least, mislead any third-party reviewing Plaintiff's credit history

29. On March 23, 2023, Plaintiff issued disputes by mail to EQUIFAX and EXPERIAN regarding the inaccurate information being reported on the Account.

30. In her dispute letters Plaintiff disputed the inaccurate entry in her credit report that the Account was in a "Collection/Charge Off" status and that any balance was owed on the Account.  She also included proof of the agreement between her and AMEX and proof of the payment made in satisfaction of the agreement.

31. Her dispute packages were delivered on or about April 3, 2023.

32. Upon information and belief, each of the CRAs would have notified AMEX of Plaintiff's disputes within five days of receiving Plaintiff's dispute.

33. Under its duties codified in the FCRA, AMEX had twenty-five (25) days to investigate Plaintiff's disputes and correct the inaccurate information it was furnishing to the CRAs.

34. Further, upon information and belief, the CRA Defendants would have sent the documentation Plaintiff included in her dispute letters to AMEX, including the terms of the settlement and proof of payments.

35. On June 5, 2023, Plaintiff received a copy of her credit report from EQUIFAX and EXPERIAN.

36. Despite her very specific disputes and accompanying documents supporting her disputes, Plaintiff found the same inaccuracies from EQUIFAX and EXPERIAN reporting the Account as "Collection/Charge Off" and a balanced owed of $4,651.00.

37. At the time of the filing of this complaint, EQUIFAX and EXPERIAN continue to report the Account inaccurately as having a status of "Collection/Charge Off," having a balance owed of $4,651.00 and misreporting the payment made on the Account.

38. Upon information and belief, the CRA Defendants continue to report this information because of (1) AMEX's furnishing of inaccurate information

regarding the Account to the CRA Defendants and (2) the CRA Defendants failed to conduct a reasonable investigation, including a failure to consider the documentation Plaintiff included in her dispute letters.

39. Additionally, upon information and belief, AMEX failed to conduct a reasonable reinvestigation into the information it furnished to the CRA Defendants.

40. If AMEX had complied with its duties to reinvestigate the Account when it received notice of the dispute, it would have conducted a reasonable reinvestigation and updated the information it was furnishing accordingly.

41. If EQUIFAX and EXPERIAN would have complied with their statutory duties, inaccurate information concerning the Account would not have been reported despite notice from Plaintiff.

42. Further, after receiving Plaintiff's dispute concerning the inaccurate information of the Account, EQUIFAX and EXPERIAN are required to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit file(s) it published and maintained concerning Plaintiff.

43. As a result of this conduct, action and inaction of Defendants, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit along with mental and emotional distress.

44. Further, Plaintiff has been hesitant to apply for any new credit until these inaccuracies are resolved.

45. Because of her concern over the effects Defendants' misreporting has had on her credit, Plaintiff has been unable to apply for or obtain financing to purchase cars and a home, despite the fact that she has had the financial means to do both.

## COUNT I– AMERICAN EXPRESS
## Violation of the Fair Credit Reporting Act
## 15 U.S.C. § 1681s-2(b)

46. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above in Paragraphs 1-45.

47. After receiving Plaintiff's dispute regarding the Account, AMEX failed to reasonably reinvestigate its reporting of the information regarding the Account on Plaintiff's consumer report.

48. AMEX violated 15 U.S.C. §1681s-2(b) by failing to conduct a reasonable investigation with respect to the information disputed by Plaintiff, by failing to review all relevant information regarding Plaintiff's dispute, by failing to accurately report the results of the investigation to the CRAs, and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of AMEX's representations to the CRAs.

49. As a result of this conduct, action, and inaction of AMEX, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal

and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

50. AMEX's conduct, action, and inaction were willful, rendering AMEX liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

51. In the alternative, AMEX was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

52. Plaintiff is entitled to recover costs and attorneys' fees from AMEX, pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## Prayer for Relief

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant, AMEX for negligent or willful noncompliance with the Fair Credit Reporting Act, and prays for the following:

a) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation of the FCRA;

b) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for AMEX's willful violation;

c) Punitive damages and equitable relief including, but not limited to, enjoining Defendants from further violations of 15 U.S.C. § 1681 *et seq.*;

d) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); 15 U.S.C. 1692k; and Fla. Stat. Ann. § 559.77; and

e) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

## COUNT II – EQUIFAX
## Violation of the Fair Credit Reporting Act
## 15 U.S.C. § 1681e(b)

53. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth about in Paragraphs 1-45.

54. After receiving Plaintiff's dispute regarding the Account, EQUIFAX failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

55. EQUIFAX violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that EQUIFAX published and maintained concerning Plaintiff.

56. As a result of this conduct, action and inaction of EQUIFAX, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal

and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

57. EQUIFAX's conduct, action, and inaction were willful, rendering , EQUIFAX liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

58. In the alternative, EQUIFAX was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

59. Plaintiff is entitled to recover costs and attorneys' fees from EQUIFAX, pursuant to 15 U.S.C. §1681n and/or §1681o.

## Prayer for Relief

WHEREFORE, Plaintiff respectfully requests judgment be entered against EQUIFAX for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

a) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation of the FCRA;

b) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for EQUIFAX's willful violation;

c) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

d) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

## COUNT III – EQUIFAX
## Violation of the Fair Credit Reporting Act
## 15 U.S.C. § 1681i

60. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above in Paragraphs 1-45.

61. After receiving Plaintiff's dispute for the Account, EQUIFAX failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

62. EQUIFAX violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

63. As a result of this conduct, action and inaction of EQUIFAX, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

64. EQUIFAX's conduct, action, and inaction were willful, rendering EQUIFAX liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

65. In the alternative, EQUIFAX was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

66. Plaintiff is entitled to recover costs and attorneys' fees from Defendant EQUIFAX pursuant to 15 U.S.C. §1681n and/or §1681o.

## Prayer for Relief

WHEREFORE, Plaintiff respectfully requests judgment be entered against EQUIFAX for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

a) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation of the FCRA;

b) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for EQUIFAX's willful violation;

c) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

d) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

## COUNT IV – EXPERIAN
## Violation of the Fair Credit Reporting Act
## 15 U.S.C. § 1681e(b)

67. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above in Paragraphs 1-45.

68. After receiving Plaintiff's dispute regarding the Account, EXPERIAN failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

69. EXPERIAN violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that EXPERIAN published and maintained concerning Plaintiff.

70. As a result of this conduct, action and inaction of EXPERIAN, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

71. EXPERIAN's conduct, action, and inaction were willful, rendering EXPERIAN liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

72. In the alternative, EXPERIAN was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

73. Plaintiff is entitled to recover costs and attorneys' fees from EXPERIAN, pursuant to 15 U.S.C. §1681n and/or §1681o.

## Prayer for Relief

WHEREFORE, Plaintiff respectfully requests judgment be entered against EXPERIAN for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

a) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation of the FCRA;

b) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for EXPERIAN's willful violation;

c) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

d) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

## COUNT V – EXPERIAN

## Violation of the Fair Credit Reporting Act

## 15 U.S.C. § 1681i

74. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above in Paragraphs 1-45.

75. After receiving Plaintiff's dispute for the Account, EXPERIAN failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

76. EXPERIAN violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

77. As a result of this conduct, action and inaction of EXPERIAN, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

78. EXPERIAN's conduct, action, and inaction were willful, rendering EXPERIAN liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

79. In the alternative, EXPERIAN was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

80. Plaintiff is entitled to recover costs and attorneys' fees from EXPERIAN pursuant to 15 U.S.C. §1681n and/or §1681o.

## Prayer for Relief

WHEREFORE, Plaintiff respectfully requests judgment be entered against EXPERIAN for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

a) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation of the FCRA;

b) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for EXPERIAN's willful violation;

c) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

d) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

            Respectfully submitted,

Dated: November 7, 2024  By:  *s/ Jason S. Weiss*
            Jason S. Weiss
            Florida Bar No. 35689
            **WEISS LAW GROUP, P.A.**
            5532 N. University Drive, Suite 103;
            Coral Springs, FL  33067
            Tel: (954) 573-2800
            Fax: (954) 573-2798
            Jason@jswlawyer.com
            Attorneys for Plaintiff,
            JOEIE PINEDA